STATE *v.* PERRY AND STATE *v.* GIBBY

STATE OF NORTH CAROLINA v. BOBBY JOHN PERRY
— AND —
STATE OF NORTH CAROLINA v. JOHN GIBBY

Nos. 7027SC253 AND 7027SC254

(Filed 6 May 1970)

1. **Criminal Law § 92— consolidation of cases — contention that each defendant had long record**

Prosecutions against two defendants were properly consolidated for trial, notwithstanding defendants' argument that the consolidation was erroneous in that each of them had a long criminal record which would have likely prejudiced the other.

2. **Burglary and Unlawful Breakings § 6— felonious breaking and entering — 1969 amendment — instructions on pre-1969 law**

In a felonious breaking and entering prosecution under G.S. 14-54 as amended in 1969, defendants were prejudiced when the trial court (1) read to the jury G.S. 14-54 as it existed prior to the 1969 amendment and (2) instructed the jury that to convict defendants of felonious breaking and entering they must find that the building was broken into or entered with the intent to commit the felony of larceny or other infamous crime therein.

APPEAL by defendants from *Falls, J.,* 9 January 1970 Session GASTON Superior Court.

Defendants were charged, under G.S. 14-54 as amended by the 1969 Legislature, with felonious breaking and entering, the offense having occurred on 16 October 1969. The defendants were tried together, each having court-appointed counsel. Upon a verdict of guilty as to each defendant and entry of judgments upon the verdicts, each defendant appealed. Although identical, a separate record and brief was filed for each defendant by their court-appointed counsel. On motion of the State, the cases were consolidated for the filing of brief by the State and for argument.

*Attorney General Robert Morgan by Staff Attorney T. Buie Costen for the State.*

*L. B. Hollowell, Jr., for defendant appellant, Bobby John Perry.*

*Tim L. Harris, for defendant appellant, John Gibby.*

MORRIS, J.

[1] Defendant's by their assignment of error No. 1, contend that the trial court committed prejudicial error in allowing the State's motion to consolidate these cases for trial. Defendants concede that

G.S. 15-152 expressly authorizes the trial judge to consolidate for trial two or more indictments in which the defendants are charged with crimes of the same class, which are so connected in time or place that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others. Defendants further concede that these indictments were within the purview of the statute. They contend, however, that consolidation here constituted an abuse of discretion because each defendant had a long criminal record which would be likely to militate against the other to his prejudice. Defendants cite no authority for this position. We found no error in consolidation in *State v. Mourning,* 4 N.C. App. 569, 167 S.E. 2d 501 (1969), where the identical question was raised, nor do we find error here. This assignment of error is overruled.

Defendants' contentions in assignments of error Nos. 2, 3, 4, 5 and 6 are without merit and are overruled.

[2]    The remaining assignments of error are directed to the charge of the court. We agree with defendants that prejudicial error appears in the charge entitling them to a new trial. Defendants were charged under G.S. 14-54 which was amended by the 1969 Legislature to read as follows:

> "(a)   Any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2.
>
> (b)   Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a).
>
> (c)   As used in this section, 'building' shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property."

In its charge to the jury the court read G.S. 14-54 prior to its amendment and instructed the jury that to convict for felonious breaking and entering they must find "that the building was broken into or entered with the intent to commit the felony of larceny or other infamous crime therein" and that in order to convict for a misdemeanor they must find that the breaking or entering "was done without the intent to commit the felony of larceny or other infamous crime." These instructions were repeated throughout the charge.

While the result of inadvertence on the part of the trial judge, we think the error sufficiently prejudicial to require a new trial.

New trial.

PARKER and VAUGHN, JJ., concur.